UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-13426-JAK-DTBx | Date | November 23, 2026 |
| Title | Manuel Quiros v. J. Pino | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| M. Lindaya | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR EXPEDITED TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION (DKT. 1)**

## I. Introduction

On November 16, 2026, Manuel Quiros ("Petitioner"), an inmate who is incarcerated at the Federal Correctional II Institution in Lompoc, California, and who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2241 and a Motion for Expedited Temporary Restraining Order or Preliminary Injunction (the "Motion"). Dkt. 1. Petitioner asserts that he has not been awarded credits earned under the First Step Act of 2018 ("FSA"), and that as a result, his date of release has not been updated. *Id.* at 1–2.

On November 19, 2026, Warden J. Pino ("Respondent"), through his counsel of record, the United States Attorney for the Central District of California, filed an Opposition to Request for Temporary Restraining Order and Motion to Dismiss Petition. Dkt. 7 (the "Opposition"). The Opposition includes a declaration of Federal Bureau of Prisons ("BOP") paralegal specialist Steven Lam (Dkt. 7-1), and exhibits (Dkt. 7-2). Respondent argues that the Court should dismiss the Petition and deny the Motion because Petitioner is subject to a final order of removal, which makes FSA credits unavailable, and alternatively, because Petitioner has not exhausted administrative remedies. Dkt. 7 at 3.

Based on a review of the filings, the matter was taken under submission pursuant to Local Rule 7-15. For the reasons discussed below, the Motion is **DENIED**, and the Petition is **DISMISSED AS MOOT.**

## II. Background

On April 13, 2023, Petitioner was sentenced in the Western District of Kentucky to 87 months of incarceration and three years of supervised release after he was convicted for bank robbery in violation of 18 U.S.C. § 2113(a). Dkt. 1 at 1; Dkt. 7 at 3. Petitioner is currently detained at the Federal Correctional II Institution in Lompoc, California. *Id.*; *see also* www.bop.gov/inmateloc. Petitioner has a projected release date of February 5, 2028. *Id.*

## III. Positions of the Parties

Petitioner argues that he has earned 681 days of earned credits under the FSA. Dkt. 1 at 1. Through the Petition and Motion, he challenges the decision of the BOP not to apply these earned credits towards his early release. *Id.* He contends that, if all his earned credits were applied, his release date "would be at least September 5, 2026." *Id.* at 2. Accordingly, he seeks the following relief: (1) an expedited order vacating reference of his Petition to the Magistrate Judge under General Order No. 05-07; and (2) an order from this Court requiring his immediate release from prison custody and transfer to prerelease custody or United States Immigration and Customs Enforcement ("ICE") custody. *Id.*

Petitioner acknowledges that he did not exhaust his administrative remedies before seeking relief from this Court. *Id.* at 3–4. He argues that the decision by the BOP not to apply his earned credits was made pursuant to its internal policy concerning immigration detainers, and accordingly that exhaustion under his circumstances would have been "futile" and that the requirement should be waived. *Id.*; *see also Mohammed v. Engleman*, No. 2:25-CV-01011, 2025 WL 1647097, at *7 (C.D. Cal. June 5, 2025) ("A court may waive the exhaustion requirement when administrative remedies are inadequate or their exercise would be futile, or irreparable injury would result without immediate judicial intervention.").

Petitioner also argues that the BOP lacks discretion to exclude an eligible prisoner from having his earned credits applied under the FSA, given that 18 U.S.C. § 3632(d)(4)(C) is mandatory. The statute provides, in relevant part:

> Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners … into prerelease custody or supervised release.

18 U.S.C. § 3632(d)(4)(C).

Petitioner contends that his immigration status does not affect his right to relief provided by 18 U.S.C. § 3632(d)(4)(C). Dkt. 1 at 6. He argues that he is subject to an immigration detainer that was lodged by ICE on September 10, 2024, *id.* at 1, but that this detainer does not preclude his eligibility for the application of his earned credits, *id.* at 6.

Respondent does not dispute that an individual with an immigration detainer may be eligible for the application of earned credits under the FSA. Dkt. 7 at 4. Rather, Respondent argues that Petitioner is subject to a final order of removal, not just the detainer. *Id.* Respondent argues that, pursuant to 18 U.S.C. § 3632(d)(4)(E)(i), the final order of removal "makes [Petitioner] statutorily ineligible for FSA credits." *Id.* 18 U.S.C. § 3632(d)(4)(E)(i) provides that "[a] prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws."

Respondent also argues that exhaustion is not excused in this case because "the futility exception does not apply where, as here, the petitioner has never successfully obtained a formal policy-based response that can be appealed." Dkt. 7 at 6 (citing *Schrader v. Arviz*, No. 1:22-CV-01413, 2024 WL 689504, at *2 (E.D. Cal. Feb. 20, 2024) (where the Court found that the plaintiff could not argue "futility"

where he "did not even file a grievance to the first level of administrative review" under the BOP's multi-step grievance system)).

## IV. <u>Analysis</u>

Petitioner has not met the standards that apply to the issuance of a temporary restraining order ("TRO") or preliminary injunction. A temporary restraining order is a form of immediate relief whose purpose is to preserve the status quo and preclude harm pending a hearing on a request for a preliminary injunction. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (a TRO is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). Fed. R. Civ. P. 65(b) sets forth the requirements for the issuance of a TRO. They are fundamentally the same as those for the issuance for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

To obtain either a TRO or a preliminary injunction, the moving party must show the following: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of immediate relief; (3) the balance of equities tips in favor of the moving party; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Petitioner has failed to satisfy the first of these requirements, because he cannot show that he is likely to succeed on the merits.

Petitioner contends that he only has an immigration detainer, which would not bar the application of credits earned under the FSA to his release date. *Zamora-Cardenas v. Ricocol*, No. 5:25-CV-00568, 2025 WL 1335665, at *2 (C.D. Cal. Mar. 24, 2025), *report and recommendation adopted sub nom. Zamora v. Ricocol*, 2025 WL 1331710 (C.D. Cal. May 5, 2025) ("BOP policy states that prisoners subject to immigration detainers (but not a final order of removal) *can* apply FSA [earned credits] to their sentence."). If Petitioner only had an immigration detainer, "nothing in the statute" would limit him from having his earned credits applied toward prerelease custody or supervised release. *Jonathan Franco Navarro v. B. Birkholz*, No. 2:26-CV-01459, ECF No. 17 (C.D. Cal. Apr. 14, 2026). However, Respondents have filed a true and correct copy of a redacted version of Petitioner's final order of removal issued by an Immigration Judge, and dated September 24, 2024. Dkt. 7-2 at 9-23. It provides that Petitioner shall be removed to Ecuador pursuant to §§ 237(a)(2)(A)(iii) and 237(a)(2)(A)(ii) of the Immigration and Nationality Act ("INA"). Dkt. 7-2 at 9-12; Dkt. 7-1 at 2. Because Petitioner is the subject of a final order of removal under the INA, he is ineligible to apply earned credits under the FSA pursuant to 18 U.S.C. § 3632(d)(4)(E)(i). *See Reyes v. Doerer*, No. 2:23-CV-10051, 2024 WL 3851634, at *2 (C.D. Cal. June 5, 2024), *report and recommendation adopted*, 2024 WL 3859988 (C.D. Cal. Aug. 9, 2024) ("The clear implication of Section 3632(d)(4)(E)(i) is that inmates who are subject to final removal orders, such as Petitioner, are categorically ineligible to apply FSA time credits to their sentences in any respect – in contrast to inmates subject only to immigration detainers, who may apply such credits to obtain early release to ICE custody."); *Zamora-Cardenas*, 2025 WL 1335665, at *1 ("the FSA provides that entry of a final order of removal precludes a prisoner from applying time credits that were earned prior to entry of the removal order").

Because the Motion does not address Petitioner's final order of removal and is premised only on his immigration detainer, Petitioner has failed to show that he is likely to succeed on the merits of his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-13426-JAK-DTBx | Date | November 23, 2026 |
| Title | Manuel Quiros v. J. Pino | | |

Petition. Accordingly, further analysis under the TRO and preliminary injunction standards is not necessary.

Because the final order of removal bars the relief sought by Petitioner, it is also unnecessary to address the arguments as to administrative exhaustion. *See Reyes*, 2024 WL 3851634, at *2 n.5 ("Because Petitioner's status as a prisoner under a final order of removal conclusively precludes the relief sought in the Petition, the Court need not address Respondent's alternative argument that dismissal is warranted for lack of exhaustion."); *Rosas v. FCI Lompoc II*, No. 2:24-CV-09364, 2025 WL 2044542, at *3 (C.D. Cal. June 17, 2025), *report and recommendation adopted sub nom. Rosas v. Ives*, 2025 WL 2029814 (C.D. Cal. July 21, 2025) ("Here, it is unnecessary for the Court to resolve whether Petitioner failed to exhaust his claim at the final administrative level or, in the alternative, whether any such failure should be excused. Petitioner's status as a prisoner under a final order of removal conclusively precludes the relief Petitioner seeks … whether or not he exhausted his administrative remedies before presenting his claim to this Court.").

## V. Conclusion

For the reasons stated in this Order, the Motion is **DENIED**, and the Petition is **MOOT** and is dismissed on that basis.

**IT IS SO ORDERED.**

:

Initials of Preparer LC1